**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOOD & DRUG ADMINISTRATION,<br><br>Defendant. | Case No. 16-cv-1981 (JMC) |

**MEMORANDUM OPINION & ORDER**

Freedom Watch filed a Freedom of Information Act (FOIA) request asking the Food and Drug Administration (FDA) for records related to a drug called Levaquin and correspondence about the drug involving former FDA Commissioner Margaret Hamburg. The organization then filed this lawsuit, challenging the adequacy of the FDA's search for records and its choice to withhold certain information under FOIA's exemptions. The agency has adequately demonstrated that it conducted a reasonable search for records, so the Court **GRANTS** the Government's motion for summary judgment on that issue. The Court cannot yet, however, rule on the applicability of the exemptions. That is because the Government put forward no evidence related to foreseeable harm. The Court therefore **DENIES without prejudice** the Government's motion as to the withholdings. The Court also **DENIES** Freedom Watch's request for in camera review. That step is premature. Instead, the Court allows the Government the opportunity to supplement its evidentiary showing and will afford both sides another chance to brief motions.[1]

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

## I. BACKGROUND

In June 2016, Freedom Watch sent a FOIA request to the FDA. *See* ECF 33-2 ¶ 1; ECF 35-1 ¶ 1. The organization requested 25 categories of information. *See* ECF 33-3 at 19–24. Almost all of the categories involved "correspondence related to the antibiotic drug Levaquin," with a particular focus on "communications" involving "former FDA Commissioner Dr. Margaret Hamburg." ECF 33-2 ¶ 4; ECF 35-1 ¶ 4.

After conducting a search, the FDA released more than 1,700 pages of records. *See* ECF 33-3 ¶¶ 22–26 (detailing releases of 374, 34, and 85 pages); ECF 33-4 ¶¶ 24, 26 (detailing releases of 860 and 409 pages). The agency withheld a small number of pages in full, *see* ECF 33-3 at 114, while redacting portions of many of the records that were produced, *see id.* at 34–125. The withheld information, the FDA concluded, was covered by one of the exceptions to FOIA's disclosure requirement. Three records were redacted under Exemption 4—which applies to "confidential" "commercial . . . information"—one was redacted under Exemption 5—which covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency"—and several others were redacted under Exemption 6—which shields "personnel and medical files and similar files" whose "disclosure . . . would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(4), (5), (6); *see* ECF 33-3 ¶¶ 31, 33; ECF 33-4 ¶¶ 31, 35, 37.

Freedom Watch filed this lawsuit to challenge the FDA's response to its FOIA request and, after the agency finished processing the records just described, the Court set a briefing schedule for motions. *See* ECF 24; Nov. 8, 2018 Min. Order. Rather than file a motion for summary judgment, Freedom Watch elected to file a motion for in camera review. *See* ECF 24 at 2; Nov. 8, 2018 Min. Order; ECF 32. The Government responded with its motion for summary judgment. *See* ECF 33.

## II. LEGAL STANDARD

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). "The agency is entitled to summary judgment only if it shows beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." *Aguiar v. DEA*, 865 F.3d 730, 738 (D.C. Cir. 2017). Likewise, an "agency withholding responsive documents from a FOIA release bears the burden of proving the applicability of claimed exemptions." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011).

## III. ANALYSIS

The Government seeks summary judgment, arguing it has demonstrated that it conducted an adequate search for records in response to Freedom Watch's request and that it properly applied the relevant FOIA exemptions to the withheld information. In its opposition, Freedom Watch does not ask the Court to enter judgment in its favor and hold that the Government failed to comply with the Act. Instead, the organization asks the Court to "deny as premature" the Government's "motion for summary judgment" because it has not yet demonstrated the adequacy of its search or the propriety of its withholdings. ECF 35 at 4. As a next step, Freedom Watch says the Court should grant its motion for in camera review and decide for itself whether the Government's withholdings are justified. *See id.* at 14. As for the search issue, Freedom Watch suggests that it is "entitled to limited discovery" to probe the reasonableness of the FDA's efforts. *Id.* at 2.

The Government has demonstrated that it conducted a reasonable search, so the Court grants its motion for summary judgment on that front. As for the withholdings, the Government's briefing does not address foreseeable harm. The Court therefore cannot yet determine whether the exemptions were properly applied. Rather than conduct in camera review, the Court allows the Government the opportunity to supplement the record by filing additional evidence that addresses

the foreseeable harm requirement. In future filings, both sides can address how intervening changes in law that post-date the briefing in this case should affect the outcome.

**A. The FDA conducted a reasonable search.**

"To prevail on summary judgment, an agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Reps. Comm. for Freedom of Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017). The Government can make that showing by "submitting a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Id.* The Government did just that here, submitting two affidavits describing the search that together confirm the FDA used "appropriate[] . . . methods . . . to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

In those affidavits, the Government explains that after the FDA received Freedom Watch's request, its main FOIA office identified four particular FDA offices that were "reasonably likely to possess responsive records." ECF 33-3 ¶¶ 9–10. Those offices were the Office of the Commissioner, the Office of Legislation, the Office of the Executive Secretariat, and the Center for Drug Evaluation and Research. *See id.* at ¶¶ 5, 15. Those offices reflected the topics of the records Freedom Watch sought. Nearly every topic related to former "FDA Commissioner Dr. Margaret Hamburg." *Id.* at 19–22. Reasonably, then, the FDA thought responsive records might be found in the Office of the Commissioner. *See id.* ¶ 16. And "[p]aper files" of the former Commissioner's records "are located within" the Office of the Executive Secretariat, prompting the FDA to search there, as well. *Id.* ¶ 18. The Office of Legislation was identified because the request sought communications between the FDA and specific Senators and Senate committees. *See id.* ¶ 17; *see also id.* at 20–21. And because much of the request focused on a drug called

"Levaquin," the FDA also decided to search in the Center for Drug Evaluation and Research. *Id.* ¶ 19; *see also id.* at 19–22. That is the "center within FDA . . . responsible for regulating human drugs" like Levaquin. ECF 33-4 ¶¶ 7, 19.

Once those offices were identified, each ran searches tailored to the respective records that it was likely to have. Within the Office of the Commissioner, the former Commissioner's "archived emails" were searched with a series of search terms and Boolean connectors. ECF 33-3 ¶¶ 20–22. A similar search was done in the Office of Legislation, but this one with search terms tailored to the Senators and committee who would have received or sent the responsive communications. *See id.* ¶¶ 23–24. In the Office of the Executive Secretariat, the former Commissioner's "paper files" were searched within the relevant date range and all records with targeted terms were identified. *Id.* ¶¶ 25–26. The Center for Drug Evaluation and Research did two separate searches, one on its "simple track" used for requests that can be handled "quickly," and the other on the "complex track" for more involved searches. ECF 33-4 ¶¶ 8–10, 20. In the simple track, the Center searched two databases for "drug safety reviews" related to "Levaquin," and also looked for documents related to an advisory committee meeting mentioned in Freedom Watch's request while asking an employee involved with that advisory committee for information, as well. *Id.* ¶ 23; *see* ECF 33-3 at 22 (requesting information about this meeting). In the complex track, the Center ran six separate targeted searches responsive to the request. *See* ECF 33-4 ¶ 25 (describing separate search strategies in items (a) through (f)). The declarants explained how many responsive records resulted from each of these offices' searches. *See* ECF 33-3 ¶¶ 22–24, 26; ECF 33-4 ¶¶ 24, 26.

The declarations therefore detail which parts of the FDA were "assigned" to search, "why they were chosen," "how [they] searched"—"the search terms" used and "the type of search

performed"—and "what" was "found." *Aguiar*, 865 F.3d at 738. Freedom Watch, however, points to three claimed deficiencies in the Government's showing. One, that it "fail[ed] to provide a sufficient description of . . . the records searched." ECF 35 at 4. Two, that it failed to identify "who conducted the search." *Id.* And three, that it did not adequately describe "the search process." *Id.*

The first and third objections are belied by the declarations. The declarants do describe the kinds of records they searched. For instance, and contrary to Freedom Watch's claim, *see* ECF 35 at 4, one declarant explained that the Office of the Executive Secretariat searched the former Commissioner's "paper files," ECF 33-3 ¶ 25. That declarant also explained that the Office of the Commissioner searched "Dr. Hamburg's archived emails." *Id.* ¶ 21. The other declarant described the databases where the Center for Drug Evaluation and Research searched and identified particular people who were asked to review their records. *See* ECF 33-4 ¶¶ 23, 25. And there is lots of detail in the declarations about "the search process." ECF 35 at 4. The declarants identified search terms and Boolean connectors that were used, particular employees who were asked to conduct targeted searches, and how searches through paper records were conducted. *See* ECF 33-3 ¶¶ 20–26; ECF 33-4 ¶¶ 23(c), 25.

The second objection—that the FDA failed to identify "who conducted the search," ECF 35 at 4—misunderstands the law. Agencies need not "identify" "by name" "the individuals . . . who conducted the searches." *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 142 (D.D.C. 2015) (K.B. Jackson, J.); *see also Physicians for Hum. Rts. v. U.S. Dep't of Def.*, 778 F. Supp. 2d 28, 33 (D.D.C. 2011) (same); *Hodge v. FBI*, 764 F. Supp. 2d 134, 142 n.5 (D.D.C. 2011) (same). Instead—assuming that the declaration is otherwise sufficiently detailed about the nature of the search—it is enough to "identif[y] the agency components that were responsible" for

searching and "why" those components "were chosen." *Aguiar*, 865 F.3d at 738. The FDA cleared that bar here. *See* ECF 33-3 ¶¶ 15–19.

The FDA's "relatively detailed and non-conclusory" declarations are therefore "accorded a presumption of good faith." *Mobley v. CIA*, 806 F.3d 568, 581 (D.C. Cir. 2015). Freedom Watch "cannot . . . rebut[]" that presumption "by purely speculative claims about the existence or discoverability of other documents." *Id.* Because the organization has offered nothing that rebuts this presumption, and because the Court is satisfied based on the affidavits that the search the FDA conducted was "reasonably calculated to uncover all relevant documents," the Court grants the Government's motion as to the adequacy of its search. *Aguiar*, 865 F.3d at 738.

**B. The Court cannot yet determine whether the FDA's withholdings were justified.**

"In 2016, Congress enacted the FOIA Improvement Act." *Reps. Comm. for Freedom of Press v. FBI*, 3 F.4th 350, 357 (D.C. Cir. 2021). "As relevant here," in that Act "Congress mandated that agencies only withhold information under a FOIA exemption if the agency 'reasonably foresees that a disclosure would harm an interested protected by an exemption' or if 'disclosure is prohibited by law.'" *Id.* at 357–58 (quoting 5 U.S.C. § 552(a)(8)(A)(i)). The Government has not argued that any of its withholdings here were required to prevent disclosure "prohibited by law," so it must show that it "reasonably foresees" that disclosure "would harm an interested protected by" the relevant exemption for each of its withholdings. 5 U.S.C. § 552(a)(8)(A)(i).

"[T]he foreseeable harm requirement imposes an independent and meaningful burden on agencies." *Reps. Comm. for Freedom of Press*, 3 F.4th at 369. Yet neither of the FDA's declarations address the foreseeable harm requirement. *See generally* ECF 33-3 at 2–16; ECF 33-4. The same goes for the Government's motion for summary judgment. *See generally* ECF 33. Because the FDA "bears the burden of showing that it reasonably foresees that disclosure would

harm an interest protected by an exemption," *Leopold v. Dep't of Just.*, 94 F.4th 33, 37 (D.C. Cir. 2024), the Government's silence on this front precludes a grant of summary judgment.

The Court will not, however, order the Government to produce the withheld records. Freedom Watch did not move for summary judgment, so has not yet asked the Court to order the Government to produce the withheld records. *See* ECF 32 (moving only for in camera review). And this is a case where it makes good sense to afford the agency "a second chance to explain [its] withholdings." *Am. for Fair Treatment v. U.S. Postal Serv.*, 663 F. Supp. 3d 39, 62 (D.D.C. 2023). The pending motions were briefed at a time when "few cases" had yet "analyze[d] what is required under the foreseeable harm standard." *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 375 F. Supp. 3d 93, 99 (D.D.C. 2019). The best path is therefore to afford the agency an opportunity to justify its withholdings in light of the more fully developed body of law interpreting the foreseeable harm requirement. *See, e.g.*, *Rudometkin v. United States*, 140 F.4th 480, 494–95 (D.C. Cir. 2025) (addressing how foreseeable harm requirement applies to segregability analysis).

That path will also allow the parties to address other changes of law that post-date the briefing. Most obviously, the Supreme Court has abrogated the D.C. Circuit decisions interpreting Exemption 4 under which the pending motions were briefed. *Compare Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436–38 (2019) (discussing *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974)), *with* ECF 33-1 at 14–17 (applying *Nat'l Parks*, 498 F.2d 765). The parties can address that change of law and any other developments that they believe are relevant in future proceedings. The Government is free, however, to rest on any of the arguments that it has already made in its motion for summary judgment. The Court rejects Freedom Watch's request for in camera review, which it sees no need for at this juncture.

* * *

The Government's motion for summary judgment, ECF 33, is **GRANTED** as to the adequacy of the FDA's search and **DENIED without prejudice** as to its withholdings. Freedom Watch's motion for in camera review, ECF 32, is **DENIED**.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: August 13, 2026